No. 99-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 165N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KIM BAUGATZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cynthia K. Thornton, Miles City, Montana

For Respondent:

Joseph Mazurek, Montana Attorney General, Carol Schmidt, Assistant Montana Attorney General, Helena, Montana; Gary P. Bunke, Custer County Attorney, Coleen Magera, Deputy Custer County Attorney, Miles City, Montana

Submitted on Briefs: January 13, 2000

Decided: June 20, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kim Baugatz (Baugatz) appeals from the Judgment and Sentence of the Sixteenth Judicial District Court, Custer County, convicting him of Violation of an Order of Protection and sentencing him to two years with the Department of Corrections on that Count. We affirm.

¶3 Baugatz raises three issues on appeal.

¶4 I Whether § 45-5-626, MCA, is void as it applies to Baugatz?

¶5 II Whether § 45-5-626, MCA, is void on its face?

¶6 III Whether the jury verdict convicting Baugatz of violating § 45-5-626, MCA, was supported by substantial evidence.

## STATEMENT OF FACTS

¶7 On September 27, 1997, Baugatz and Jennifer Bagley (Bagley) had been living together for over two years when they were involved in an argument at their home. On September 30, 1997, Bagley applied for and was granted a Temporary Order of Protection. She testified that upon her return home, she showed Baugatz the Order and asked him to leave. Bagley claimed Baugatz looked at the Order and then became angry, telling her she

shouldn't have gotten the Order.

¶8 After that date, Baugatz contacted Bagley a number of times, often calling her 25 or 30 times per night, and would stand or walk outside her home. Police attempted to find Baugatz and serve him with the Temporary Order of Protection, but Baugatz eluded them. On October 8, 1997, police located Baugatz, served him with the Order, and arrested him for its violation. The Custer County Attorney charged Baugatz with Count I, Violation of an Order of Protection, a felony, in violation of § 45-5-626, MCA, Count II, Stalking, and Count III, Partner or Family Member Assault. On January 5, 1999, Baugatz filed a motion *in limine* to dismiss the charges against him, arguing that § 45-5-626, MCA, is unconstitutionally vague. The District Court denied Baugatz's motion and Baugatz was convicted by a jury on January 6, 1999, of Counts I and III. Baugatz now appeals his conviction.

¶9 I Is § 45-5-626, MCA, void as it applies to Baugatz?

¶10 Section 45-5-626 (1), MCA, provides;

> [a] person commits the offense of violation of an order of protection if the person, with knowledge of the order, purposely or knowingly violates a provision of any order provided for in 40-4-121 or an order of protection under Title 40, chapter 15. It may be inferred that the defendant had knowledge of an order at the time of an offense if the defendant had been served with the order before the time of the offense. Service of the order is not required upon a showing that the defendant had knowledge of the order and its content.

Section 45-5-626, MCA.

¶11 At trial, the State claimed Baugatz had knowledge of the Order and its content, and a jury convicted Baugatz of knowingly violating the Order of Protection without having it served on him. Baugatz argues that § 45-5-626, MCA, is void for vagueness because the statute makes it possible to violate an Order of Protection if the defendant is shown to have knowledge of the Order and its content, but fails to provide a definition of the term "knowledge."

¶12 The party making the challenge to the statute must prove beyond a reasonable doubt that the statute is unconstitutional. *State v. Nye* (1997), 283 Mont. 505, 943 P.2d 96. If the

challenged statute is reasonably clear in its application to the conduct of the person bringing the challenge, it cannot be stricken on its face for vagueness. *Nye,* 283 Mont. at 514, 942 P.2d at 102. In *State v. Conrad*, 197 Mont. 406, 643 P.2d 239, we noted that in 1926, the United States Supreme Court established a standard for the determination of vagueness which has been followed to this day:

> [t]hat the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law.

*Conrad, 197 Mont. at 411, 643 P.2d at 242.*

¶13 In *Conrad*, we held that unless a statute is sufficiently explicit so that all those subject to the penalties may know what to avoid, it violates the essentials of due process. Again quoting the Supreme Court we stated "[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential due process of law." *Conrad,* 197 Mont. at 412, 643 P.2d at 242-43.

¶14 Statutes should be construed according to the plain meaning of the language used within the statute. *State v. Stanko*, 1998 MT 323, ¶ 54, 292 Mont. 214, ¶ 54, 974 P.2d 1139, ¶ 54. We conclude that contrary to Baugatz's position, men of common intelligence must not necessarily guess at the plain meaning of the word "knowledge" which has a commonly understood meaning, and does not require a legislative definition. Therefore, we conclude that § 45-5-626, MCA, is not void for vagueness or as it applies to Baugatz.

¶15 II Is § 45-5-626, MCA, void on its face?

¶16 Baugatz claims that the statute is void on its face because it "impermissibly limits his right to travel and his right of family association." However, Baugatz fails to explain how the statute does so. Baugatz cites *Kolender v. Lawson* (U.S.Cal. 1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903, apparently for the proposition that "government was not intended to have the discretion the Lawson statute allowed because the statute gave complete discretion to the police to determine whether the suspect had violated the statute." However, Baugatz provides us with no analysis which indicates how this rationale is applicable to § 45-5-626, MCA, and a violation of his constitutional right to

travel.

¶17 We conclude that Baugatz's analysis fails to prove beyond a reasonable doubt that § 45-5-626, MCA, is unconstitutional on its face.

¶18 III Whether the jury verdict convicting Baugatz of violating § 45-5-626, MCA, was supported by substantial evidence.

¶19 At trial, Bagley testified that she told Baugatz she had a temporary Order of Protection and gave it to him to look at. She stated that he looked at it and became angry and then she asked him to leave. Later Baugatz made repeated attempts to contact her, and walked or stood outside her residence. Bagley testified that when he would call or show up he would tell her not to call the police, and on at least one occasion, when she did call the police, she saw Baugatz run from them as they approached.

¶20 Baugatz claims this evidence was insufficient to prove beyond a reasonable doubt that he was guilty of a violation of § 45-5-626, MCA. He first claims that Bagley's testimony at trial is insufficient because the State did not present the Order at trial for Bagley to identify as the Order shown to Baugatz. Because Baugatz failed to raise this objection in District Court, we will not address it for the first time on appeal.

¶21 This Court will review the sufficiency of the evidence necessary to sustain a guilty verdict, in light most favorable to the prosecution, and determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Sattler,* 1998 MT 57, 288 Mont. 79, 956 P.2d 54. We conclude that in light most favorable to the prosecution, Bagley's testimony at trial was sufficient for a rational trier of fact to have found that Baugatz had knowledge of the Temporary Order and its content, and was guilty of its violation beyond a reasonable doubt.

¶22 Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART